Filed 1/15/15  Hutchinson v. Fry's Electronics CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CHARLES HUTCHINSON, | D063219 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2012-00054281-CU-OE-NC) |
| FRY'S ELECTRONICS, INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy M. Casserly, Judge.  Reversed.

Marcus Jackson; Arbogast Law and David M. Arbogast for Plaintiff and Appellant.

Sheppard, Mullin, Richter & Hampton, Richard J. Simmons, Matthew M. Sonne and Jonathan P. Barker for Defendant and Respondent.

In this case, our Supreme Court's recent opinion in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 382-389 (*Iskanian*) compels us to reverse the trial court's order dismissing representative claims plaintiff and appellant Charles

Hutchinson brought under the Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) against his employer, an electronics retailer, defendant and respondent Fry's Electronics, Inc. (Fry's). In *Iskanian*, the court held that representative PAGA claims are claims brought on behalf of the state and may not, therefore, be waived by an employee and, further, that an employee's right to pursue representative PAGA claims are not preempted by the Federal Arbitration Act (FAA) (9 U.S.C. § 1 et seq.). In light of *Iskanian*, Hutchinson's representative PAGA claims are cognizable in the trial court, and, accordingly, we must reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY

A. *Complaint*

On June 8, 2012, Hutchinson filed a complaint against Fry's. The factual basis for his claims is his allegation that, although on the day after Thanksgiving in 2011, November 25, 2011, he was required to work as a salesperson for 16 hours without a break, Fry's falsified his time records so that they showed a fictitious break in his work that day. According to Hutchinson, the falsification permitted Fry's to pay him less than what was required by the wage and hour provisions of the Labor Code. Hutchinson further alleged that Fry's altered the time records of hundreds or thousands of other Fry's salespersons and other employees for time they worked on November 25, 2011, thereby depriving them of pay required by the Labor Code.

Hutchinson further alleged that Fry's engages in an unlawful practice of deducting excessive amounts from the pay of commissioned sales personnel when customers receive a partial refund upon proof that the item they purchased was available from

2

another retailer at a lower price.

Hutchinson's complaint alleged these practices gave rise to eight causes of action. In seven of those causes of action—failure to pay hourly wages, unlawful wage deductions, breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, negligent supervision, and violation of the unfair competition law (Bus. & Prof. Code, § 17200 et seq.)—Hutchinson sought damages, lost income, and restitution of employee funds that Fry's held unjustly.

In a separate cause of action, Hutchinson alleged he was bringing a representative cause of action under PAGA on behalf of himself and all other similarly situated employees of Fry's. In his PAGA cause of action, Hutchinson sought to recover the monetary penalties and damages provided for by the statute.

B. *Motion to Compel Arbitration and Dismiss*

Fry's responded to Hutchinson's complaint by filing a motion to compel arbitration and to dismiss his PAGA representative cause of action. Fry's relied upon an arbitration agreement that Hutchinson signed at the time he began working for the retailer. The arbitration agreement required that Hutchinson arbitrate all disputes he had with Fry's. Fry's argued that the seven causes of action Hutchinson asserted, in which he sought to recover damages, lost wages or restitution, were subject to arbitration. Fry's further argued that the representative part of the PAGA cause of action should be dismissed because the arbitration agreement did not make any reference to class or representative claims.

The trial court granted Fry's motion. The trial court rejected Hutchinson's contention that the arbitration agreement was unconscionable. With respect to

3

Hutchinson's PAGA cause of action, the trial court found that because the arbitration agreement did not expressly permit class or representative claims, PAGA claims on behalf of other employees were not arbitrable. However, the court found that Hutchinson's individual PAGA claim was related to his employment and was therefore arbitrable. The court declined to permit Hutchinson to maintain the nonarbitrable representative claims outside of arbitration because he would not, as required by the PAGA's express terms, be pursuing the claims on his own behalf as well as on behalf of other employees. Accordingly, the trial court dismissed the representative portion of Hutchinson's PAGA cause of action.

Following notice of entry of the order compelling arbitration and dismissing the representative PAGA claim, Hutchinson filed a notice of appeal. Fry's moved to dismiss the appeal on the grounds that an order compelling arbitration is not appealable. We deferred ruling on the motion to dismiss and advised the parties we would consider it along with the parties' contentions on the merits.

I

Because it informs both our disposition of Fry's motion to dismiss and Hutchinson's appeal, we first take up the Supreme Court's opinion in *Iskanian*.

In *Iskanian*, the plaintiff was a driver for a transportation company and signed an employment agreement that contained an arbitration provision. The arbitration provision expressly provided: "'EMPLOYEE and COMPANY expressly intend and agree that class action and representative action procedures shall not be asserted, nor will they apply, in any arbitration pursuant to this [Agreement].'" (*Iskanian*, *supra*, 59 Cal.4th at p. 360.)

4

The driver filed a class action complaint in which he alleged that his employer had failed to pay overtime, provide meal and rest breaks, reimburse business expenses, provide accurate and complete wage statements, or pay final wages in a timely manner. (*Iskanian*, *supra*, 59 Cal.4th at p. 361.) During the course of litigating his class claims, the driver added a PAGA representative claim. The trial court ordered the driver's individual PAGA claim into arbitration and dismissed the class claims. On appeal, the Court of Appeal affirmed. With respect to the PAGA claims, the Court of Appeal found that, in light of the terms of the arbitration agreement, the plaintiff could arbitrate his individual PAGA claim but could not pursue representative PAGA claims on behalf of other drivers. On review, the Supreme Court reversed.

The Supreme Court first agreed that the arbitration agreement was valid and enforceable, even though it waived the plaintiff's right to pursue class action claims for damages on his own behalf and for other similarly situated employees. (*Iskanian*, *supra*, 59 Cal.4th at pp. 362-378.) The court accepted the employer's argument that, in light of *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [131 S.Ct. 1740], arbitration agreements could properly include class action waivers. (See *Iskanian*, *supra*, 59 Cal.4th at pp. 365-366.)

However, relying on its earlier holding in *Arias v. Superior Court* (2009) 46 Cal.4th 969, 980-986 (*Arias*), the court found that PAGA claims are fundamentally different from class actions brought as a means of recovering damages suffered by individuals. (*Iskanian*, *supra*, 59 Cal.4th at pp. 379-382.) The court noted that PAGA was enacted by the Legislature as a means of recovering penalties *for the state* for labor law violations and that it gave individual employees the right to act on behalf of the state

5

because the state lacked the resources to do so itself. (*Id*. at p. 379.) The court stated: "A PAGA representative action is therefore a type of qui tam action. 'Traditionally, the requirements for enforcement by a citizen in a qui tam action have been (1) that the statute exacts a penalty; (2) that part of the penalty be paid to the informer; and (3) that, in some way, the informer be authorized to bring suit to recover the penalty.' [Citation.] The PAGA conforms to these traditional criteria, except that a portion of the penalty goes not only to the citizen bringing the suit but to all employees affected by the Labor Code violation. The government entity on whose behalf the plaintiff files suit is always the real party in interest in the suit. [Citation.]

"Although the PAGA was enacted relatively recently, the use of qui tam actions is venerable, dating back to colonial times, and several such statutes were enacted by the First Congress. [Citation.] The Federal False Claims Act, allowing individuals to share the recovery achieved by the reporting of false claims, originated during the Civil War. [Citation.] The qui tam plaintiff under the Federal False Claims Act has standing in federal court under article III of the United States Constitution, even though the plaintiff has suffered no injury in fact, because that statute 'can reasonably be regarded as effecting a partial assignment of the Government's damages claim.' [Citation.] California has more recently authorized qui tam actions for the recovery of false claims against the state treasury. [Citation.] In addition, there are earlier examples of qui tam actions under California law. [Citation.]" (*Iskanian*, *supra*, 59 Cal.4th at p. 382, italics omitted.)

In light of its purpose as a means of enforcing labor laws and collecting penalties on behalf of the state, the court further found that the right of an employee to bring a

6

representative PAGA claim was not subject to waiver. (*Iskanian*, *supra*, 59 Cal.4th at pp. 382-384.) The court found that a contractual waiver of the right to bring a representative PAGA action was void as against public policy. (*Id*. at. p. 383; see Civ. Code, §§ 1668, 3513.) "The PAGA was clearly established for a public reason, and agreements requiring the waiver of PAGA rights would harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations." (*Iskanian*, at p. 383.) In particular, the court found that an employee could not be compelled to waive his right bring a representative action, as opposed to an individual one: "[W]hether or not an individual claim is permissible under the PAGA, a prohibition of *representative* claims frustrates the PAGA's objectives. As one Court of Appeal has observed: '[A]ssuming it is authorized, a single-claimant arbitration under the PAGA for individual penalties will not result in the penalties contemplated under the PAGA to punish and deter employer practices that violate the rights of numerous employees under the Labor Code. That plaintiff and other employees might be able to bring individual claims for Labor Code violations in separate arbitrations does not serve the purpose of the PAGA, even if an individual claim has collateral estoppel effects. [Citation.] Other employees would still have to assert their claims in individual proceedings.' [Citation.] [¶] We conclude that where, as here, an employment agreement compels the waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable as a matter of state law." (*Id*. at p. 384.)

Next, the court found that PAGA, as the court interpreted it, was not preempted by the FAA. Relying on the fact that PAGA is a mechanism by which *the state* seeks to enforce its labor laws and collect monetary penalties that largely go into *its* coffers, the

7

court stated: "[T]he FAA aims to promote arbitration of claims belonging to the private parties to an arbitration agreement. It does not aim to promote arbitration of claims belonging to a government agency, and that is no less true when such a claim is brought by a statutorily designated proxy for the agency as when the claim is brought by the agency itself. The fundamental character of the claim as a public enforcement action is the same in both instances. We conclude that California's public policy prohibiting waiver of PAGA claims, whose sole purpose is to vindicate the [Labor and Workforce Development] Agency's interest in enforcing the Labor Code, does not interfere with the FAA's goal of promoting arbitration as a forum for private dispute resolution." (*Iskanian*, *supra*, 59 Cal.4th at pp. 388-389.)

Finally, in reversing the judgment of the Court of Appeal, the court made it clear that the employer would have to answer the plaintiff's representative PAGA claims in either an arbitral or judicial forum; however, it left resolution of the appropriate forum and the order in which claims would be determined to the parties and the trial court on remand: "Although the arbitration agreement can be read as requiring arbitration of individual claims but not of representative PAGA claims, neither party contemplated such a bifurcation. [Plaintiff] has sought to litigate all claims in court, while [defendant] has sought to arbitrate the individual claims while barring the PAGA representative claim altogether. In light of the principles above, neither party can get all that it wants. [Plaintiff] must proceed with bilateral arbitration on his individual damages claims, and [defendant] *must answer the representative PAGA claims in some forum*. The arbitration agreement gives us no basis to assume that the parties would prefer to resolve a representative PAGA claim through arbitration.

8

"This raises a number of questions: (1) Will the parties agree on a single forum for resolving the PAGA claim and the other claims? (2) If not, is it appropriate to bifurcate the claims, with individual claims going to arbitration and the representative PAGA claim to litigation? (3) If such bifurcation occurs, should the arbitration be stayed pursuant to Code of Civil Procedure section 1281.2? (See *Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 388–391 [Cal. Arbitration Act rather than FAA procedures apply to arbitrations brought in Cal. courts].) The parties have not addressed these questions and may do so on remand." (*Iskanian*, *supra*, 59 Cal.4th at pp. 391-392, first italics added.)

## II

The court's analysis in *Iskanian* largely disposes of Fry's motion to dismiss Hutchinson's appeal. In its motion, Fry's argues that insofar as the trial court's order compelled arbitration of Hutchinson's seven damages claims and his individual PAGA claim, it is not appealable and he cannot bring a partial appeal from the order dismissing his representative PAGA claim. (See Code Civ. Proc., § 1294.2; see also 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, §§ 117 & 118, pp. 180-181.)

As we have seen, the court in *Iskanian* has made it clear that an employee is acting as an agent of the state when he or she brings a PAGA representative action and that the state is the real party in interest. (*Iskanian*, *supra*, 59 Cal.4th at pp. 386-387.) As the court stated, a representative PAGA claim is: "a dispute between an employer and the *state*, which alleges directly or through its agents—either the [Labor and Workforce Development] Agency or aggrieved employees—that the employer has violated the Labor Code. Through his PAGA claim, [plaintiff] is seeking to recover civil penalties,

9

75 percent of which will go to the state's coffers. We emphasized in *Arias* that 'an action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties"'; that '[i]n a lawsuit brought under the [PAGA], the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies'; and that 'an aggrieved employee's action under the [PAGA] functions as a substitute for an action brought by the government itself.' [Citation.] The fact that any judgment in a PAGA action is binding on the government confirms that the state is the real party in interest. [Citation.] It is true that 'a person may not bring a PAGA action unless he or she is "an aggrieved employee" [citation]' [citation], but that does not change the character of the litigant or the dispute. As Justice Chin correctly observes, 'every PAGA action, whether seeking penalties for Labor Code violations as to only one aggrieved employee—the plaintiff bringing the action—or as to other employees as well, is a representative action on behalf of the state.' [Citation.]" (*Iskanian*, *supra*, 59 Cal.4th at pp. 386-387.)

In light of the fact that in asserting his representative PAGA claims Hutchinson is acting as an agent of the state and the state is the real party in interest on that claim, Hutchinson's appeal falls within the well-established doctrine that "[w]hen a party brings an action in multiple capacities, a judgment determining that party's rights in one capacity may be final even though the action is still pending on a claim brought in a different capacity." (*First Security Bank of Cal. v. Paquet* (2002) 98 Cal.App.4th 468, 474; see *Dominguez v. City of Alhambra* (1981) 118 Cal.App.3d 237, 241.) Accordingly, we deny Fry's motion to dismiss the appeal.

10

Turning to the merits of Hutchinson's claim, in light of *Iskanian* it is clear that we must reverse that portion of the trial court's order dismissing Hutchinson's representative PAGA claim. As the court in *Iskanian* held, notwithstanding any arbitration agreement to the contrary, an employer such as Fry's must answer an employee's "representative PAGA claims in some forum." (*Iskanian*, *supra*, 59 Cal.4th at p. 391.) Contrary to Fry's contention, Hutchinson's representative PAGA claims cannot be distinguished from those asserted in *Iskanian* on the grounds that unlike the agreement discussed in *Iskanian*, the Fry's employment agreement does not expressly waive the right to assert representative claims. Here, at Fry's behest, the trial court effectively implied such a waiver by finding that the arbitration agreement only permitted the pursuit of individual PAGA claims in arbitration and that, as result, Hutchinson could not separately pursue a representative claim. The holding in *Iskanian* makes it clear that the trial court erred in this regard: Hutchinson may, on behalf of the state, pursue a representative PAGA claim. (*Ibid.*)

Although Fry's asks that we stay Hutchinson's appeal until any possible proceedings in the United States Supreme Court in *Iskanian* are final or, in the alternative, that we direct the trial court to stay litigation of Hutchinson's PAGA claim until arbitration is complete, we decline these requests. Under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455, we are bound by our Supreme Court's decision in *Iskanian* and any stay of Hutchinson's appeal would be predicated on wholly inappropriate speculation that there is some defect in that decision. With respect to the request that we direct the trial court to stay the PAGA claims until resolution of Hutchinson's arbitrable claims is complete, this is a request that should in the first

instance be made in the trial court, which, in resolving that question, will now have the benefit of the court's decision in *Iskanian*. We express no opinion with respect to how the trial court should resolve the question of any stay.[1]

## DISPOSITION

The trial court's order dismissing Hutchinson's PAGA claims is reversed and remanded for further proceedings consistent with the views we have expressed.

_____

BENKE, Acting P. J.

WE CONCUR:

_____

NARES, J.

_____

IRION, J.

_____

[1]     We recognize that in his opening brief Hutchinson argued that rather than dismissing his representative PAGA claims, the trial court should have, at most, stayed them. Hutchinson's opening brief was evidently prepared without the benefit of the Supreme Court's opinion in *Iskanian*. Hutchinson's reply brief suggests that he no longer believes a stay of his PAGA claim would be appropriate. Plainly, Hutchinson can make his desires with respect to a stay clear on remand. In this regard, we note that the court in *Iskanian* found that PAGA claims were not preempted by the FAA because they are disputes between employers and the *state*. (*Iskanian*, *supra*, 59 Cal.4th at pp. 386-387.)

We also recognize that Fry's arbitration agreement is silent with respect to whether class or representative claims are arbitrable and that courts have interpreted this silence as meaning that representative and class claims are not arbitrable. (See *Stolt-Nielsen S.A. v. AnimalFeeds International Corp.* (2010) 559 U.S. 662, 684-687.)